ACCEPTED
12-15-00293-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/18/2015 4:45:30 PM
Pam Estes
CLERK

## NO. 12-15-00293-CV

**In The**

# Court Of Appeals

**For The**

# Twelfth district of Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

12/18/2015 4:45:30 PM

PAM ESTES
Clerk

EXPRESS CHIPPING, INC.

*Appellant,*

v.

REDI-MIX SOLUTIONS, LTD. AND 2S TRANSPORT, LLC f/k/a
H&S TRANSPORT, LTD.

*Appellees.*

**On Appeal from the 369th District Court
Anderson County, Texas
Trial Court Cause No. DCCV15-311-369**

### APPELLANT'S MOTION TO STAY ORDER

Herbert W. Fortson, III
SBN: 07277300
Micah B. Fortson
SBN: 24083012
Fortson, Frazer, & Siegrist, P.C.
2702 Jackson Street
Houston, Texas 77004
T: (713) 533-1520
F: (713) 533-1571
herb@fortson-co.com
micah@fortson-co.com
ATTORNEYS FOR APPELLANTS

## INTRODUCTION

Appellant, Express Chipping, Inc. filed a notice of Interlocutory appeal appealing the trial court's denial of its special appearance to present motion objecting to jurisdiction. After the special appearance was filed the trial court heard and granted appellees' request for a temporary injunction without notice to an adverse party in violation of Tex. R. Civ. P. 120a and 681.  Express Chipping, Inc. now moves for an order staying the trial court's order granting a temporary injunction against Express Chipping, Inc pending the outcome of this appeal.

## STATEMENT OF FACTS

On August 18, 2015 appellees Redi-Mix Solutions, Ltd. and 2S Transport, LLC f/k/a H&S Transport, Ltd. (collectively "Redi-Mix") filed their Verified Original Petition and Request for Injunctive Relief. CR 5. On the same day, without notice to appellant, Express Chipping, Inc. ("Express") or defendant Knox, the trial court granted a temporary restraining order against Express Chipping, Inc. and defendant Knox. CR 37-39. On August 31, 2015 the trial court extended the temporary restraining order to and set a Temporary Injunction hearing on September 9, 2015 at 10:30 a.m. CR 41. On September 9, 2015, at 9:24 a.m., one hour before the hearing on the Temporary Injunction, Express successfully filed its Special Appearance to Present Motion Objecting to Jurisdiction. CR 42. Express

1

had unsuccessfully tried to file the special appearance twice the day before. The Special Appearance hearing was set for September 24, 2015 at 10:00 a.m. CR 49.

On September 9, 2015 at the Temporary Injunction hearing counsel for Redi-Mix affirmatively disclosed to the trial court that the hearing was taking place without notice to defendant Knox and that Express had filed a special appearance prior to the hearing. TAB 1, 2:17-19, 4:20-25. Regardless, the court granted the Temporary Injunction and signed it into order on September 22, 2015. CR 53; TAB 1, 4:25-5:4; TAB 2.

## MOTION

Under Texas law a court cannot issue a temporary injunction without notice to the adverse party and any motion challenging jurisdiction under Texas Rule of Civil Procedure 120a shall be heard and determined before any other plea or pleading may be heard.

### A. No notice of the Temporary Injunction hearing to defendant Knox

Texas Rule of Civil Procedure 681 states very simply, "[n]o temporary injunction shall be issued without notice to the adverse party." Tex. R. Civ. P. 681.

During the hearing on the temporary injunction counsel for Redi-Mix affirmatively disclosed, on the record, that Knox had not been served prior to that hearing. The court stated: "Mr. Knox, we've not served yet because he's on parole, and we haven't been able to file on him?" TAB 1, 2:13-15. Redi-Mix counsel

2

responded: "Yes, sir." TAB 1, 2:16. Later counsel stated: "Mr. Knox, of course, is on the lam, and we're trying to find him so he can be served. But I would ask the Court to continue – to make the TRO a Temporary Injunction under the same terms and conditions, and continue the bond in the same amount against Express." TAB 1, 4:23-5:3. The court replied: "So ordered." TAB 1, 5:4.

**B. The Temporary Injunction was heard and determined after the Special Appearance was filed but before it was heard and determined.**

Texas Rule of Civil Procedure 120a(2) states that, "[a]ny motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." Express filed its Special Appearance under rule 120a on September 9, 2015 at 9:24 a.m., one hour prior to the temporary injunction hearing. CR 41-42. Counsel for Redi-Mix, on record, even acknowledged the filing of the Special Appearance at the Temporary Injunction hearing. TAB 1, 4:20-23. The court heard and granted the temporary injunction with knowledge of the special appearance, after the special appearance was filed on September 9, 2015 and signed the order on September 22, 2015, two days before the Special Appearance hearing CR 41-50, 53-56; TAB 1 & 2.

A temporary injunction is a plea or pleading and it was heard and determined after the special appearance was filed but before it was determined.

3

Because the temporary injunction was heard and determined without notice to the adverse party and prior to hearing and determining the special appearance, it should be stayed pending the outcome of this accelerated appeal on Express' Special Appearance.

## PRAYER

For the reasons stated above, appellant, Express Chipping, Inc., requests that this Court stay the Order granting a Temporary Injunction signed September 22, 2015 (TAB 2) until such time as this accelerated appeal, regarding jurisdiction, may be determined.

Respectfully submitted,

Fortson, Frazer & Siegrist, P.C.


    /s/ Micah B. Fortson
Herbert W. Fortson, III
SBN: 07277300
herb@fortson-co.com
Micah B. Fortson
SBN: 24083012
micah@fortson-co.com
Fortson, Frazer, & Siegrist, P.C.
2702 Jackson Street
Houston, Texas 77004
T: (713) 533-1520
F: (713) 533-1571

ATTORNEYS FOR APPELLANT,
EXPRESS CHIPPING, INC.

4

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the formatting requirements of the Texas Rules of Appellate Procedure and, Pursuant to Tex. R. App. P. 9.4(i)(3), this motion, created in Microsoft Word 2010, contains 748 words, excluding portions exempted under the rules.

/S/ Micah B. Fortson
Micah B. Fortson

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort was made to confer with appellees about the merits of the motion and whether they oppose the motion. T.R.A.P. 10.1(5).

/s/ Micah B. Fortson
Micah B. Fortson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on December 18, 2015 by electronic filing on:

Kyle L. Dickson
Murray-Lobb, PLLC
700 Gemini, Suite 115
Houston, Texas 77058
Tel:   (281) 488-0630
Fax:   (281) 488-2039
Email: kdickson@murray-lobb.com

James D. Hankins
Law Office of James D. Hankins
606 E. Crawford Street
Palestine, Texas 75801
Tel:   (903) 729-2102
Fax:   (903) 731-4732
Email: jdh@jameshankinslaw.com

ATTORNEYS FOR APPELLEES
REDI-MIX SOLUTIONS, LTD. AND
2S TRANSPORT, LLC F/K/A H&S
TRANSPORT, LTD.

/s/ Micah B. Fortson
Micah B. Fortson

5

## **APPENDIX**

1. **Tab 1** – Court Reporter's Certified Record of the September 9, 2015 hearing on Temporary Injunction.

2. **TAB 2** – Order for Temporary Injunction signed September 22, 2015

# TAB 1

REPORTER'S RECORD

TRIAL COURT CAUSE NO. DCCV15-311-369

VOLUME 1 of 1

| | |
|---|---|
| REDI-MIX SOLUTIONS LTD, 2S TRANSPORT, LLC F/K/A H&S TRANSPORT, LTD, | ) IN THE DISTRICT COURT<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| VS. | ) ANDERSON COUNTY, TEXAS<br>) |
| EXPRESS CHIPPING, INC., STANLEY KEITH KNOX, | ) 369th JUDICIAL DISTRICT<br>) |
| Defendants. | )<br>) |

-------------------------------

HEARING ON TEMPORARY INJUNCTION

-------------------------------

On the 9th day of September, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Bascom W. Bentley, III, Judge presiding, held in Palestine, Anderson County, Texas;

Proceedings reported by machine shorthand.

<u>A P P E A R A N C E S</u>

FOR THE PLAINTIFFS:

MR. JAMES D. HANKINS
ATTORNEY AT LAW
618 E. CRAWFORD STREET
PALESTINE, TEXAS 75801

FOR THE DEFENDANTS:

(None)

I N D E X

VOLUME 1 of 1

| | Page | Vol. |
|---|---|---|
| SEPTEMBER 9, 2015 | | |
| Reporter's Certificate................... | 6 | 1 |

PLAINTIFF'S WITNESSES

| | Direct | Cross | Voir Dire | Vol. |
|---|---|---|---|---|
| Brandi Scott | 1 | | | 1 |

DEFENDANT'S WITNESSES

| | Direct | Cross | Voir Dire | Vol. |
|---|---|---|---|---|
| (None) | | | | |

EXHIBIT INDEX

PLAINTIFF'S

| NO. | DESCRIPTION | MARKED | OFFERED | ADMITTED | VOL. |
|---|---|---|---|---|---|
| 1 | Contract (Knox & H&S) | 1 | 1 | 1 | 1 |
| 2 | Contract (Knox & Redi-Mix) | 1 | 2 | 2 | 1 |

EXHIBIT INDEX

DEFENDANT'S

| NO. | DESCRIPTION | MARKED | OFFERED | ADMITTED | VOL. |
|---|---|---|---|---|---|
| | (None) | | | | |

PROCEEDINGS

DATE:  SEPTEMBER 9, 2015

TIME:  10:45 a.m.

THE COURT:  Cause Number DCCV15-311-369, Redi-Mix Solutions versus Express Chipping. Redi-Mix case.  Is she going to be your witness?

MR. HANKINS:  Yes.

THE COURT:  Ma'am, if you would raise your right hand to be sworn.

(Oath administered)

THE WITNESS:  I do.

BRANDI SCOTT, having been first duly sworn, testified as follows:

<u>DIRECT EXAMINATION</u>

BY MR. HANKINS:

    Q.   Tell the court your name, please.

    A.   Brandi Scott.

    Q.   Ms. Scott, you are a principal in the business HS2 Transport, Inc. and also Redi-Mix Solutions, Inc.; correct?

    A.   Yes, sir.

        (Plaintiff's Exhibit Numbers 1 and 2 were marked for identification)

    Q.   And I want to hand you -- first of all, we'll start off with what's been identified as P-1 and P-2.

And do you recognize those documents as being a Non-Compete Clause Contract that you signed with Keith Knox, who was a former employee?

A.   Yes, sir.

MR. HANKINS:   Judge, I offer P-1 and P-2.

THE COURT:   They will be received.

(Plaintiff's Exhibit Numbers 1 and 2 were offered and received)

Q.   (By Mr. Hankins)   The Court has granted a Temporary Retraining Order restraining Express -- What is Express' name?

A.   Express Chipping.

Q.   Yes.  -- Express Chipping from interfering with your business by their employment of Mr. Keith Knox; is that correct?

A.   Yes, sir.

Q.   Mr. Knox, we've not served yet because he's on parole, and we haven't been able to file on him?

A.   Yes, sir.

Q.   He's going around taking your customer list to his new company, --

A.   Yes, sir.

Q.   -- and he's having the new company contact all of your experienced employees and asked them to come to work for them; is that correct?

A. Yes, sir. And he's also offering them more money.

Q. Right. And just recently, you found out that Mr. Knox has contacted Argos, Thomas Concrete, and Van Eaton, and these are all concrete contractors who use y'all's services; correct?

A. Yes, sir.

Q. He's asking them to come -- switch over and work for Express; is that correct?

A. Yes, sir.

Q. And you're asking the Court to enjoin that action in violation of this non-compete clause?

A. Yes, please.

Q. Okay. And you're asking the Court to enjoin him from contacting -- or, Express from contacting your current employees and trying to use them to come to work for them?

A. Yes, sir.

Q. And this has damaged your business?

A. Yes, it has.

Q. Okay. Are we talking about thousands of dollars that you've lost in future revenue?

A. Yes, sir.

Q. Okay.

A. And if he's not stopped, it will be more than

just several thousand.  It will -- it can get into the hundred thousands.

Q.   Okay.  And also, on your employees, many of them have stayed, but they all come in and say *If you don't give us more money, I'm going to go to work for Express because they're offering more money*; correct?

A.   Yes, sir.

Q.   So, it's cost the company that way, also?

A.   Yes, sir.

Q.   All right.  And you're asking the Court to continue the orders of the Temporary Restraining Order and to make that a Temporary Injunction against Express?

A.   Yes, please.

Q.   Okay.

MR. HANKINS:  That's all we have, Your Honor.

THE COURT:  All right.  You may step down, ma'am.  Has anyone heard from the respondent as to why he's not here?

MR. HANKINS:  The respondent, Express, has filed a special appearance, but I got a notice today from the electronic filing that it's rejected, so -- I don't know why they're here.  Mr. Knox, of course, is on the lam, and we're trying to find him so he can be served.  But I would ask the Court to continue -- to

make the TRO a Temporary Injunction under the same terms and conditions, and continue the bond in the same amount against Express.

THE COURT: So ordered.

MR. HANKINS: Thank you, Your Honor. I'll get you an order.

(Hearing concluded at 10:48 a.m.)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS)
COUNTY OF ANDERSON)

I, Nancy K. Adams, Official Court Reporter in and for the 369th District Court of Anderson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $49.50 and was paid by Defendant.

WITNESS MY OFFICIAL HAND this the 7th day of October, 2015.

/s/ Nancy K. Adams
Nancy K. Adams, Texas CSR 3131
Expiration Date: 12/31/2015
Official Court Reporter
369th District Court
Anderson County, Texas
Palestine, Texas 75801
903.723.7415

# TAB 2

| | | |
|---|---|---|
| REDI-MIX SOLUTIONS LTD. AND | § | IN THE DISTRICT COURT OF |
| 2S TRANSPORT, LLC F/K/A H&S | § | |
| TRANSPORT, LTD., | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | ANDERSON COUNTY, TEXAS |
| | § | |
| EXPRESS CHIPPING, INC. | § | |
| AND STANLEY KENNETH KNOX, | § | |
| *Defendants* | § | 369th JUDICIAL DISTRICT |

## ORDER GRANTING TEMPORARY INJUNCTION
## AND
## ORDER SETTING TRIAL

On September 9, 2015, came on to be considered Plaintiffs Redi-Mix Solutions Ltd. ("Redi-Mix") and 2S Transport, LLC f/k/a H&S Transport, Ltd.'s ("H&S") (collectively "Plaintiffs") Application for Temporary Injunction, and the Court, after considering the testimony of the witnesses, exhibits and the argument of counsel, finds that Plaintiffs have asserted a variety of causes of action against Defendants Stanley Keith Knox ("Knox") and Express Chipping, Inc. ("Express"), and that, if injunctive relief is not granted, Redi-Mix will suffer a probable, imminent and irreparable injury in the interim, that there is no adequate remedy at law, and that Redi-Mix's injury is irreparable in that it cannot be measured by a certain pecuniary standard.

The evidence demonstrates that, among other things, Defendant Knox signed a valid, enforceable contract with Plaintiffs Redi-Mix and H&S as a condition of employment that required that, among other things, Defendant Knox obligate himself to a covenant not to disclose or use confidential information and not to compete. The evidence further shows that, among

1

53

other things, Defendant Express was made aware of and has knowledge of Defendant Knox's obligations under the enforceable contracts with Plaintiffs Redi-Mix and H&S.

The evidence further shows that Defendant Knox has and will likely continue to breach his covenants not to disclose or use confidential information and not to compete. Irreparable injury has, therefore, been established. It is therefore,

ORDERED that Defendants Knox and Express are TEMPORARILY ENJOINED from the following:

    i.    Using in any way, transmitting or disseminating any confidential, proprietary information of Plaintiffs Redi-Mix and H&S, including, but not limited to, any customer information including customer contacts, vendors, employees, contractors or business partner;

    ii    Contacting or soliciting, directly or indirectly, any customer, vendor, contractor or business partner of Plaintiffs Redi-Mix and H&S which Knox had contact with during his employment, which he learned by reason of his employment or potential customers that were contacted by him or Plaintiffs Redi-Mix and H&S within ninety (90) days of August 12, 2015;

    iii    Engaging directly or indirectly in any business substantially similar to, or in competition with, the business of Plaintiffs Redi-Mix and H&S within a radius of one hundred (100) miles of Palestine, Texas, or within a twenty-five (25) mile radius of any customer in any area where Knox directly worked while employed with Plaintiffs Redi-Mix and H&S. For purposes of this Order, engaging in "any business substantially similar to, or in competition with the business of Employer" shall mean: (i) engaging in a business as an owner, partner, agent, or employee; (ii) taking employment with a third party engaged in such business either as an employee, contractor or consultant; or (iii) soliciting customers for the benefit of a third party engaged in such business; and

    iv.    Inducing, recruiting or soliciting any of Plaintiffs Redi-Mix and H&S employees or any independent contractors which Plaintiffs Redi-Mix and H&S use, to terminate their employment or service with Plaintiffs Redi-Mix and H&S and enter into another employment/contract arrangement with any third party.

2

54

It is further ORDERED that this Temporary Injunction shall remain in effect until a trial on the merits can be had or as otherwise ordered by this Court, except to the extent the time period described above expires prior to trial.

It is further ORDERED that the bond previously posted by Redi-Mix for the Temporary Restraining Order in the amount of ONE THOUSAND and NO/100 DOLLARS ($1000.00) shall continue in effect and also serve as the required security for this Temporary Injunction.

It is further ORDERED that this case is set for a Trial on the merits on March 24, 2016 @ 9:00 A.M.

**WARNING: FAILURE TO OBEY A COURT ORDER MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEYS' FEES AND COURT COSTS.**

SIGNED on ___9-22-___, 2015.

_____
PRESIDING JUDGE

3

55

APPROVED AND ENTRY REQUESTED:

MURRAY | LOBB, PLLC

By: */s/ Kyle L. Dickson*
    Kyle L. Dickson
    SBN: 05841310
    700 Gemini, Suite 115
    Houston, Texas 77058
    Tel:    (281) 488-0630
    Fax:   (281) 488-2039
    Email: kdickson@murray-lobb.com

    ATTORNEYS FOR PLAINTIFFS
    REDI-MIX SOLUTIONS LTD. AND
    2S TRANSPORT, LLC F/K/A H&S TRANSPORT, LTD

AND

By: */s/ James D. Hankins*
    JAMES D. HANKINS
    Attorney at Law
    606 E. Crawford Street
    Palestine, Texas 75801
    Tel:    (903)729-2102
    Fax:   (903)731-4732

4

56